LAFAYETTE NATIONAL BANK OF BUFFALO, Plaintiff, *v.* REUBEN W. EBERLY, Defendant.

Supreme Court, Erie Special Term, May, 1923.

Negotiable instruments — answer — allegations that delivery was conditional — when summary judgment will not be ordered.

An answer to a complaint upon a promissory note made by defendant and discounted by the plaintiff, a bank, which alleges that the note was made and delivered upon certain conditions, setting forth the facts in detail, raises an issue for trial and a motion by plaintiff for summary judgment will be denied.

APPLICATION for summary judgment.

*Michael M. Cohn,* for plaintiff.

*Lewis & Carroll,* for defendant.

EMERY, J. This is an application by the plaintiff for summary judgment on the pleadings.

The plaintiff alleges the making of a promissory note by the defendant for the sum of $12,500 in favor of Joseph F. Stabell and thereafter discounted by the plaintiff. The answer admits the making and delivery of the note by the defendant. It denies that the plaintiff is the holder for value and that there is anything due to the plaintiff from the defendant. The answer also contains as an affirmative defense that at the time of the making of the note the Stabell Company was indebted to the plaintiff in the sum of $100,000 and was in urgent need of additional funds to finance its operations; that the plaintiff was unwilling to extend its credit further unless the Stabell Company should deliver to plaintiff a note made or indorsed by a third party acceptable to the plaintiff; that the note in issue was accordingly given by the defendant and accepted by the plaintiff on the understanding that the defendant would be released from the obligation and not be liable thereon at any time when and after the amount of

the indebtedness of the Stabell Company to plaintiff should be paid down to $100,000 or less; that such indebtedness of the Stabell Company to the plaintiff was paid down to or below $100,000. The defendant's answer demands that he be released and discharged from any and all liability on the note.

I cannot agree with the plaintiff's contention that the affirmative defense set forth in the defendant's answer seeks to change or alter the terms of a written instrument. It alleges that the note was made and delivered upon certain conditions. The annexing of conditions to the delivery is not an oral contradiction of the written obligation as between the parties to it or others having notice even though the instrument be negotiable. Delivery makes the obligation operative and the extent of the operation of the instrument may be limited by the conditions on which delivery is made if rights of third parties, without notice, do not intervene. *Smith* v. *Datterweich*, 200 N. Y. 299.

The answer raises an issue for the trial court.

Motion denied, with ten dollars costs.

Ordered accordingly.